IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENENTECH, INC. and <br> INTERMUNE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 19-078 (RGA) <br> ) CONSOLIDATED <br> ) <br> ) REDACTED – PUBLIC VERSION <br> ) |

**DECLARATION OF VICTOR J. THANNICKAL, M.D. IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DISQUALIFICATION**

**I.    INTRODUCTION**

1. I am a Professor of Medicine and Pathology at the University of Alabama at Birmingham ("UAB"). In addition to my work as a practicing physician, I perform pre-clinical and clinical research. Since 2001, I have assisted with eleven clinical trials relating to IPF at the universities with which I have been affiliated, sponsored by six different organizations.[1]

2. I understand that Genentech, Inc. and InterMune, Inc. (collectively, "Plaintiffs") have asked the Court to disqualify me as an expert in this case, based largely on a claim that I received confidential information in connection with certain clinical trials of pirfenidone sponsored by InterMune between 2007 and 2013.

3. Through the UAB and the University of Michigan (my previous institution), I was involved as a treating physician in three clinical trials for InterMune relating to pirfenidone. I was not the main investigator on any of these studies. My involvement was limited to enrolling

---

[1] InterMune Pharmaceuticals, Actelion Ltd., Genzyme, Inc., the IPF Clinical Research Network (National Institutes of Health), FibroGen, Inc., and Gilead Sciences.

1

IPF patients in the studies and following up with them during periodic visits to see how they were doing on the medication, similar to what I would normally be doing as their treating physician. To the best of my recollection, I treated fewer than ten patients across these three clinical trials. I do not have any recollection of the clinical observations I made of the patients in those clinical trials.

4. I recall reviewing the standard investigator brochure for each of InterMune's clinical trials for pirfenidone, which was shared with the entire study team. I reviewed or was apprised of the protocols for these clinical trials as well, as is routine for initiation of new clinical studies. I did not receive additional documents or information from InterMune, nor did I receive any information that I would consider specific to pirfenidone rather than common to any clinical trial.

5. I had no involvement with the design, protocols, data analysis, or internal InterMune strategy for any of InterMune's clinical studies related to pirfenidone. I did not sign any confidentiality agreement with InterMune relating to these studies. I did not speak with anyone at InterMune about the clinical trials during my involvement in them.

6. [REDACTED]

7. I have never received information from InterMune or Genentech regarding their strategies for intellectual property, drug development, or litigation. I have never discussed these

issues with Plaintiffs. To the best of my knowledge, I do not have any non-public information from Plaintiffs.

I swear under penalty of perjury that the foregoing is true and correct.

_____
Victor Thannickal

7/13/20
_____
Date

4